131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel CAMPBELL, Plaintiff-Appellant,
v.
LAS VEGAS METROPOLITAN POLICE DEPARTMENT, Defendant-Appellee.
 No. 97-15891.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-95-00952-LDG; Lloyd D. George, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Daniel Campbell, a Nevada state prisoner, appeals pro se the district court's summary judgment for defendant in his 42 U.S.C. § 1983 action alleging that he was denied a probable cause hearing within forty-eight hours after his arrest.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Although an arrestee has a constitutional right to a probable cause determination within forty eight hours after a warrantless arrest, see County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991), a non-adversarial hearing before a magistrate judge is adequate to fulfill this constitutional requirement, see Gerstein v. Pugh, 420 U.S. 103, 120-22 (1975). Because the record establishes that an ex parte probable cause hearing was held the day after Campbell's arrest, we conclude that the district court properly granted summary judgment for defendant. See McLaughlin, 500 U.S. at 56; Gerstein, 420 U.S. at 120-22.[2]
 
 AFFIRMED.[3]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Campbell argues on appeal that the conditions of confinement during his status as a pre-trial detainee violated his constitutional rights, we conclude that there are no exceptional circumstances compelling us to reach this claim when it was not raised before the district court. See International Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska Inc., 752 F.2d 1401, 1404 (9th Cir.1985)
 
 
 [2]
 This ex parte hearing was also sufficient to meet the requirements of Nevada state law. See Powell v. State, 930 P.2d 1123, 1124 n. 2 (1997), cert. denied, 66 U.S.L.W. 3323 (U.S. Nov. 3, 1997 (No. 97-5713). Accordingly, we reject the additional arguments made in Campbell's letter received by the court on September 5, 1997
 
 
 [3]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal